IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br><br>             Plaintiff,<br><br>vs.<br><br>**FORECLOSURE CONNECTION, INC., and JASON WILLIAMS,**<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:15CV653DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants Foreclosure Connection, Inc. ("FCI") and Jason Williams' Motion for Summary Judgment.  On August 8, 2016, the court held a hearing on the motion.  At the hearing, Defendants were represented by David E. Ross II, and Plaintiff was represented by Courtney Przybylski.  The court has carefully considered the materials submitted by the parties, as well as the facts and law relevant to the motion.  Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Thomas E. Perez, the Secretary of Labor for the United States Department of Labor, brought this action against Defendants under the Fair Labor Standards Act (FLSA"), alleging ongoing violations of Sections 11(a) and 15(a)(3). Section 11(a) of the FLSA empowers the Secretary to investigate employment practices to determine whether any person has violated any provision of the FLSA.  Section 15(a)(3) of the FLSA provides that it is unlawful for any

person to discharge or discriminate against any employee because the employee has filed a complaint or instituted proceedings under the FLSA.

With respect to the alleged Section 11(a) violation, Plaintiff alleges that Defendants did not turn over relevant wage and hour records when requested, later provided false documents with false dates and signatures, altered and/or destroyed payroll and time records, rebuked employees for providing any information to investigators, tried to get employees to provide them with the questions being asked so they could coordinate with an attorney, threatened to report employees to the IRS, presented employees with undated independent contractor agreements and told them to lie about when the agreement was signed, and terminated the employment of the two workers Defendants believed had made a wage and hour complaint.

Plaintiff also alleges that Defendants violated Section 15(a)(3) of the FLSA by terminating two employees based on the belief that they made a wage and hour complaint with the Utah Labor Commission and by threatening employees with IRS scrutiny for cooperating with investigators.  Plaintiff contends that Defendants directed Mychal Barber and Mychal Scott Barber not to report to work on July 8, 2015, refused to allow them to return to work the next week, and refused to pay them their last paycheck for hours worked after July 1, 2015.

Defendant FCI, located in Taylorsville, Utah, acquires distressed properties and properties facing foreclosure in Utah and then fixes them up for resale or leasing.  Defendant Jason Williams owns and operates FCI.  FCI acquires properties in Utah and purchases all of its materials in Utah.  FCI claims that its workers use their own tools.  Plaintiff disputes this, claiming that Jason Williams testified in his deposition that FCI provides vacuum cleaners, rakes, and shovels to workers at job sites.

Neither Jason Williams nor FCI is a licensed contractor by the Utah Department of

Occupational and Professional Licensing ("DOPL").  At the time Mychal Barber performed work for FCI, he was a licensed general contractor with DOPL.

## DISCUSSION

### Defendants' Motion for Summary Judgment

Defendants move for summary judgment arguing that the FLSA does not apply to them because they are engaged in solely intrastate activities.  Defendants also allege that Mychal Barber and Michal Scott Barber cannot be considered Defendants' employees under Utah state regulations.

**1.  Does the FLSA Apply to Defendants?**

Defendants argue that the FLSA does not apply to them because it applies to employers whose employees engage in interstate commerce or in the production of goods for interstate commerce and Defendants are only engaged in intrastate activities.  Plaintiff, however, contends that he has authority to bring the action and the FLSA's retaliation provision applies more broadly than its wage and overtime provisions.

In this action, Plaintiff seeks: (1) a permanent injunction under FLSA § 17 restraining Defendants from obstructing the investigation authorized under Section 11(a); and (2) legal and equitable relief under FLSA § 16(c) as a result of Defendants' alleged retaliation against complainants Mychal Barber and Mychal Scott Barber.  Rather than address Plaintiff's specific claim under § 15(a)(3) and requested relief under § 16(c), Defendants make arguments regarding all of the prohibited acts under § 15(a) and the remedy of imprisonment under § 16(a).  None of these other provisions are at issue in this case.

The retaliation provision of the FLSA in § 15(a)(3) does not have the same "commerce" requirements of the other provision in § 15(a).  *See* 29 U.S.C. § 215(a)(3).  Defendants focus on

3

the requirements of the other provisions and lose sight of the fact that Plaintiffs have only brought a claim under § 15(a)(3) for retaliation and § 11(a) for interference with the investigation. Neither of the sections upon which Plaintiff brings its claims require Plaintiff to establish what is referred to as individual or enterprise coverage.[1]

The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show individual coverage or enterprise coverage. *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-51 (5th Cir. 1966)("[t]he clear and unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked."); *Sapperstein v. Hager*, 188 F.3d 852, 856-57 (7th Cir. 1999) (retaliation action may be maintained when enterprise coverage is not met); *Dean v. Pac. Bellwether, LLC*, 996 F. Supp. 2d 1044, 1054-55 (D. N. Mar. I. 2014) ("FLSA retaliation claims do not have a commerce requirement. Its text applies to 'persons' without any mention of commerce. If Congress intended the requirement to apply, it could have explicitly said so, just as it did with overtime and minimum wage claims.").[2]

Defendants argue that even if there is no specific commerce requirement in §§ 11 and

---

[1] "Individual coverage" refers to an employee who is engaged in commerce or in the production of goods for commerce. 29 C.F.R. § 776. "Enterprise coverage" refers to certain enterprises which are so engaged or which have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, and whose annual gross volume of sales made or business done is at least $500,000. *Id.* § 779.

[2] In addition, Defendants' motion does not address Plaintiff's authority to bring an action under § 17 for violations of § 11(a) but, like § 15(a)(3), it also has no commerce requirement. Section 11(a) also refers only to "any person."

4

15(a)(3), Defendants must be involved in interstate commerce or there can be no authority under the FLSA to reach Defendants' intrastate business.  However, the Supreme Court has repeatedly held that Congress properly passed the FLSA under the Commerce Clause.  *Kirschbaum v. Walling*, 316 U.S. 517, 522-23 (1942); *Maryland v. Wirtz*, 392 U.S. 183, 188-93 (1968).  And, the anti-retaliation provision in § 15(a)(3) and the investigatory provision in § 11 are "essential parts of the larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity was regulated." *See United States v. Lopez,* 514 U.S. 549, 561 (1995).

Because there is no commerce requirement for Plaintiff's retaliation and interference claims, the court denies Defendants' motion for summary judgment.   However, even if there was a commerce requirement, Defendants are incorrect in arguing that their workers were not handling goods or materials that have moved in interstate commerce.  In *Donovan v. Pointon*, 717 F.2d 1320, 1322-23 (10th Cir. 1983), the Tenth Circuit found that "using" materials that have moved in interstate commerce constitutes "handling."  *See also Polycarpe v. E&S Landscaping Serv.*, 616 F.3d 1217, 1221 (11th Cir. 2010).   Therefore, there would still be a question of fact as to whether Defendant's workers used goods or materials that have moved in interstate commerce that would preclude summary judgment as a matter of law because Plaintiff disputed whether Defendants provided workers with vacuum cleaners, rakes, and shovels.  Accordingly, summary judgment is inappropriate.

**2. State Regulation**

Defendants further argue that there is nothing in the U.S. Constitution granting the Plaintiff authority over the State of Utah's police power to license and regulate contractors in the State of Utah.  Plaintiff, however, asserts that he is not attempting to usurp any state authority by

enforcing the FLSA.

Defendants argue that FCI, at the time it engaged Mychal Barber, was in need of a licensed contractor to perform construction work on FCI's properties. At the time the parties entered into their business arrangement in May 2015, Mychal Barber was a general contractor with a license through Utah's Division of Occupational and Professional Licensing ("DOPL"). Neither FCI nor Williams is licensed as a contractor and they contend that, under Utah regulations, they cannot employ Barber or his son to perform construction work.

The Utah Construction Trades Licensing Act defines a "contractor" as "any person who for compensation other than wages as an employee undertakes any work in the construction, plumbing, or electrical trade for which licensure is required under this chapter." Utah Code Ann. § 58-55-102(12)(a). Defendants argue that for Plaintiff to bring an FLSA claim related to the Barbers, Plaintiff must establish that Mychal Barber and Mychal Scott Barber were Defendants' employees. However, Defendants further contend that to consider the Barbers to be Defendants' employees would violate Utah Code Ann. § 58-55-102(12)(a), and effectively strip DOPL of its police power to regulate contractors in the State of Utah. Defendants submit that they are not and cannot legally be the employer of Mychal Barber, a general contractor, and his son Mychal Scott Barber.

However, Plaintiff's enforcement authority under the FLSA is separate and distinct from DOPL's authority. The extent of each agency's authority has no impact on the other agency. The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). The FLSA's definition of "employ" "includes to suffer or permit to work." *Id.* § 203(g). This definition of employment is "'the

6

broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945). The Supreme Court recognizes that the "striking breadth" of this definition "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

"In determining whether an individual is covered by the FLSA, our inquiry is not limited by any contractual terminology or by traditional common law concepts of employee or independent contractor." *Id.* at 1440. Instead, "the economic realities of the relationship govern, and the focal point is whether the individual is economically dependent on the business to which he renders service . . . or is, as a matter of economic fact, in business for himself." *Id.*

While Plaintiff must establish an employment relationship under the economic reality test to substantiate his FLSA claims against Defendants, Defendants erroneously argue that making Defendants the employers of a general contractor would effectively take away DOPL's police powers to regulate such contractors. Defendants claim that they cannot employ Mychal Barber or his son to perform construction work because the Utah Construction Trades Licensing Act requires you to be a contractor to employ a person providing services in the construction trades. But, the fact that Defendants are not licensed contractors does not takes away DOPL's power to regulate the industry. DOPL could still determine whether Defendants' business practices were proper or improper under the applicable statutes and regulations. Nothing in Plaintiff's causes of action under the FLSA deprives DOPL of its authority to regulate contractor licensure.

Moreover, there is no single established definition of the terms "employee" or "independent contractor" under Utah law. Different tests apply for purposes of workers' compensation, unemployment insurance, tax liability, and common law. Just because Mychal

Barber may not be Defendants' employee for purposes of one state or federal statute does not mean that he cannot be considered Defendants' employee for another. Defendants assert that these differing definitions of "employee" would result in nightmares for business owners, but it is the unavoidable state of the law.

Defendants' Motion for Summary Judgment did not challenge whether Defendants met the FLSA's factual definition of employee. Rather Defendants challenged only, as a matter of law, whether Plaintiff could utilize a definition of employee seemingly at odds with state statutes. The question of whether Mychal Barber and Mychal Scott Barber were Defendants' employees under the FLSA's economic reality test is, therefore, still an open issue in this litigation. However, because the court concludes that Plaintiff has authority to employ the definition of employee under the FLSA without usurping the State of Utah's police powers, the court denies Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the above reasoning, Defendants' Motion for Summary Judgment [Docket No. 28] is DENIED.

DATED this 19th day of August, 2016.

_____
DALE A. KIMBALL
United States District Judge