**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **THOMAS E. PEREZ, SECRETARY OF LABOR,**<br><br>　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**FORECLOSURE CONNECTION, INC., and JASON WILLIAMS,**<br><br>　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15CV653DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion for Judgment as a Matter of Law. Defendant seek reconsideration of the denial of partial summary judgment and a determination as a matter of law that the Fair Labor Standards Act does not apply to Defendants.

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights or liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained:

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03.  The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense.  *Murtha*, 377 F.2d at 431-32 . . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979) . . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion.  A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed."  *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

In their motion, Defendants only raise arguments that they previously made or should have made in the original briefing of Defendants' motion for partial summary judgment.  The court already addressed and rejected Defendants' arguments.  Defendants' present motion merely disagrees with the court's prior analysis.  Defendants have not provided any new evidence or law that convinces the court that its prior ruling should be revisited or was clearly erroneous.  The court, therefore, concludes that there is no basis for reconsidering or altering its prior ruling.

Based on the above reasoning, Defendants' Motion for Judgment as a Matter of Law is DENIED.

DATED this 31st day of October, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge